Mr. Justice Wylie
delivered the opinion of the court:
This case presents but little calling for particular notice at the hands of the court.
Defendants were attorneys practicing before the Court of' Claims, and entered into a contract with the plaintiff, by which they agreed to divide with him the net proceeds of the-cases which he should procure for them, after deducting all expenses attending their prosecution. It was stipulated, on his part, that he would exert himself to obtain claims which the defendants should prosecute.
There were four cases, however, specially named in the contract, which the plaintiff had already procured. One of' these was prosecuted by the defendants to a successful result,, and all the fees were collected by the defendants. About $500 were expended in procuring evidence, and otherwise in preparing the case for trial. Defendants then paid the-plaintiff $500; but refused to pay him any more, on the ground, as they allege, that he had made false representations-to them as to the amount and character of the other claims *479 which he had undertaken to secure for the common benefit and this is the sole ground of defense on the merits.
We think that, as to the four cases already procured by the plaintiff and specially mentioned in the contract, the defense ought not to be sustained. As to them, the agreement was, in itself, independent, and not to be affected by the stipulations in relation to other cases or other business which was thereafter to be sought for or secured by the plaintiff.. Admitting that the plaintiff had made misrepresentations as to the amount of business he promised to procure in the future, the falsehoods were innocent of any damage to the defendants, for they parted with no money and expended no-labor upon their faith in them.
The payment of the $500 on account of the claim in question, though absurdly enough called in the answer a “ bonne bouche was a clear acknowledgment of the validity of plaintiff’s claim to a share of the fee in this case by itself.
The only point of the least difficulty in this case is that of jurisdiction$ but that was determined at a previous term of the court in favor of the plaintiff, on the ground that the casenvolved both discovery and account, and is not now open, to question, and we think was properly so decided.
The decree at special term is affirmed.